UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA           :
                                   :
        -v-                        :   05-cr-538-02 (JSR)
                                   :
SHAWN PETERKIN,                    :   MEMORANDUM ORDER
                                   :
        Defendant.                 :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

In 2008, Shawn Peterkin was convicted of one count of conspiracy to distribute and possess with intent to distribute at least 100 kilograms of marijuana; one count of murder in connection with a drug conspiracy; one count of use of a firearm during a drug trafficking offense; and one count of being a felon in possession of a firearm. Dkt. No. 112. This Court sentenced him to a below-guidelines range of 45 years' imprisonment. Peterkin, who is now 45 years old, has served about one-third of that sentence. He seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(a). Dkt. Nos. 209 & 211.

In determining whether to grant a sentence reduction under that provision, the Court must "ask four questions: (1) has the defendant complied with the administrative exhaustion requirement, (2) has the defendant shown extraordinary and compelling reasons warranting a sentence reduction, (3) are the 18 U.S.C. § 3553(a) sentencing factors consistent with a lesser sentence than that previously imposed, and (4) is there a particular sentence

1

reduction consistent with the § 3553(a) factors that is also warranted by extraordinary and compelling reasons." United States v. Garcia, --- F. Supp. 3d ---, 2020 WL 7212962, at *2 (S.D.N.Y. Dec. 8, 2020).

The Court holds that Peterkin has failed to establish extraordinary and compelling reasons for a sentence reduction.[1] Peterkin argues that his underlying health conditions -- hypertension, schizophrenia and blindness -- place him at an increased risk of severe illness from COVID-19. Def. Mem., Dkt. No. 211, at 2. It is true that "[s]ince the onset of the coronavirus pandemic, courts have consistently held that the presence of underlying health conditions that increase the risks associated with COVID-19 can constitute extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." United States v. Rodriguez, 492 F. Supp. 3d 306, 310 (S.D.N.Y. 2020). But neither schizophrenia nor blindness[2] is a high-risk condition according to the Center for Disease Control and Prevention

---

[1] Because the Court holds that Peterkin has failed to establish extraordinary and compelling reasons for a sentence reduction, the Court does not address the other requirements for a sentence reduction under § 3582(c)(1)(A).

[2] In any event, as the Government clarifies Peterkin is not blind; with glasses, his vision is 20/20. See Gov. Mem., Dkt. No. 213, at 4 n.1.

2

("CDC").³ Peterkin's hypertension might increase COVID-19 risk, but his condition is far from extraordinary, especially given his relatively young age. Accordingly, Peterkin's health conditions do not weigh in favor of a finding of extraordinary and compelling reasons for a sentence reduction.

Peterkin next argues that the difficult conditions of his incarceration caused by the pandemic weigh in favor of a sentence reduction. Def. Mem. at 3. It is true that "the actual severity of [Peterkin's] sentence as a result of the COVID-19 outbreak exceeds what the Court anticipated at the time of sentencing." See Rodriguez, 492 F. Supp. 3d at 311. "While insufficient on its own," this factor "weighs in favor of a finding of extraordinary and compelling reasons." Id.

Peterkin also invokes his rehabilitation. Def. Mem. at 5. Rehabilitation cannot be the sole basis for a finding of extraordinary and compelling reasons. United States v. Brooker, 976 F.3d 228, 238 (2d Cir. 2020). But it can factor into the mix of relevant considerations. See id. As evidence of his rehabilitation, Peterkin puts forward 60 certificates he has earned in prison, his work as a pastor, and the business that he started in prison. Def. Mem. at 5. Letters attesting to Peterkin's

---

³ https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

rehabilitated character were also submitted on Peterkin's behalf. See, e.g., Dkt. No. 214-1.

Peterkin's evidence of rehabilitation, while commendable, does not rise to the level of an extraordinary and compelling reason. For one thing, as recently as 2020, Peterkin received a disciplinary infraction for assaulting without serious injury and possessing a hazardous tool. Dkt. No. 213-2. Also, the letters detailing Peterkin's rehabilitation come mostly from his friends and family. Where this Court has found rehabilitation especially relevant to a finding of extraordinary and compelling reason, however, such letters have come from prison staff, see Rodriguez, 492 F. Supp. 3d at 311-312, or the prison warden himself, see United States v. Quinones, No. 00 Cr. 761-1 (JSR), 2021 WL 797835, at *3 (S.D.N.Y. Feb. 27, 2021). Accordingly, the Court assigns some, but not a lot, of weight to Peterkin's rehabilitation.

Finally, Peterkin argues that Amendment 782 to the Sentencing Guidelines, which reduced the base offense level associated with distribution of 100 kilograms of marijuana, constitutes an extraordinary and compelling reason for a sentence reduction. Def. Mem. at 4. This Court previously rejected the argument that Amendment 782 had any bearing on Peterkin's base offense level. See Order dated February 7, 2019, Dkt. No. 202. Therefore, the amendment provides no reason for a sentence reduction, let alone and extraordinary and compelling one.

In sum, Peterkin has failed to establish extraordinary and compelling reasons for a sentence reduction. While the harsh conditions of incarceration during the pandemic and Peterkin's admirable evidence of rehabilitation weigh in favor of a finding of extraordinary and compelling reasons, they do not get Peterkin all the way there.

For the foregoing reasons, Peterkin's motion for a sentence reduction is denied. The Clerk of the Court is directed to close the entries at docket numbers 209 and 211.

SO ORDERED.

Dated: New York, NY
May 12, 2021

JED S. RAKOFF, U.S.D.J.