```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
            -v-                     :   05-cr-538-02 (JSR)
                                    :
SHAWN PETERKIN,                     :        ORDER
                                    :
            Defendant.              :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On June 23, 2008, defendant Shawn Peterkin was convicted of one count of conspiracy to distribute and possess with intent to distribute at least 100 kilograms of marijuana; one count of murder in connection with a drug conspiracy; one count of use of a firearm during a drug trafficking offense; and one count of being a felon in possession of a firearm. See Dkt. 40 (superseding indictment); Dkt. 112 (judgment). On September 22, 2008, this Court sentenced Peterkin to 45 years' imprisonment, to be followed by 3 years' supervised release. Dkt. 112, at 2-3.

Before the Court is a pro se motion sent to the Court by defendant Shawn Peterkin,[1] seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Peterkin has filed two prior motions for a sentence reduction pursuant to this provision, both of which the Court denied because Peterkin had failed to identify any "extraordinary and compelling" circumstance warranting such

---

[1] Peterkin's motion will be filed on the docket concurrently with this Order.

1

relief. *See* Dkt. 202; Dkt. 215. Peterkin's instant motion fails for similar reasons.

Many of the arguments advanced by Peterkin were already rejected by this Court in ruling on his two prior motions. For example, he argues that the Fair Sentencing Act of 2010 and FIRST STEP Act of 2018 reduced the base offense level associated with Count 1 (conspiracy to distribute at least 100 kilograms of marijuana) by two points. But as this Court previously observed, this would have had no impact on Peterkin's guidelines calculation, which was set entirely by his conviction for murder. *See* Dkt. 202, at 2-3. Similarly, the fact that marijuana has been legalized by many states does not warrant a sentence reduction given the seriousness of the underly murder for which Peterkin was convicted.

To the extent Peterkin raises arguments not advanced in his two prior motions, they are without merit. Peterkin points to intervening Supreme Court precedent which held that any fact that increases the mandatory minimum sentence for a crime is an element of the offense that must be proven to a jury by a preponderance of the evidence, *e.g. Alleyne v. United States*, 570 U.S. 99, 117 (2013), but these cases do not help Peterkin because the jury in this case made findings with respect to all essential elements of the crimes charged, including the quantities of marijuana that were the subject of the conspiracy. Similarly, Peterkin incorrectly argues that the jury was mischarged with respect to

Count 2 (18 U.S.C. § 924(j)) and Count 3 (18 U.S.C. § 924(c)(1)(A)(iii)), citing *Lora v. United States*, 599 U.S. 453 (2023). *Lora* held that the mandatory minimums and limitations on concurrent sentences imposed by 18 U.S.C. § 924(c) do not apply to convictions under 18 U.S.C. § 924(j). But the Court did not impose any sentence pursuant to Count 3 (28 U.S.C. § 924(c)), and did not impose any concurrent terms of imprisonment, *see* Criminal Judgment (Dkt. 112), so *Lora* is irrelevant.

Finally, Peterkin argues a sentence reduction is warranted in light of the disparity between his sentence and those of his co-defendants. It is true that, in 2022, the Court granted sentence reductions to two of Peterkin's co-defendants, but in so doing the Court expressly distinguish it's prior denials of Peterkin's compassionate release motions on the grounds that (a) Peterkin was the ringleader of the criminal conspiracy, and so bore a greater share of responsibility, (b) Peterkin was significantly older than the two co-defendants when the offense occurred, and (c) Peterkin had a weaker track-record of rehabilitation than his co-defendants, having been the subject of several disciplinary reports, including for assault. *See* Dkt. 238, at 2 n.2; Dkt. 239, at 4 n.2. Peterkin's instant motion does not unsettle any of these rationales.

Accordingly, Peterkin's motion is hereby denied.

SO ORDERED.

Dated:   New York, NY
         December 29, 2023

_____
JED S. RAKOFF, U.S.D.J.