UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-                                     05-cr-538-02 (JSR)

SHAWN PETERKIN,                         ORDER

                Defendant.

JED S. RAKOFF, U.S.D.J.:

On December 29, 2023, the Court denied defendant Shawn Peterkin's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). See ECF No. 243. Mr. Peterkin subsequently appealed that denial. See ECF No. 247. More than a year later, while the appeal was pending, Mr. Peterkin filed a motion for reconsideration under Rule 60(b), dated June 12, 2025. See ECF No. 251. The Court issued an order noting that it lacked jurisdiction to consider the reconsideration motion until the mandate of the United States Court of Appeals for the Second Circuit issued. See ECF No. 252. Mandate issued on June 26, 2025, affirming this Court's denial of the motion for a sentence reduction. See ECF No. 253. Thereafter, the Court received a letter from Mr. Peterkin requesting that it take up the Rule 60(b) reconsideration motion now that mandate had issued. See ECF No. 256.

After considering the arguments raised in the motion, the Court denies the request for reconsideration. A motion brought under Rule 60(b)(1) must be made "within a reasonable time" and, in all

1

events, "no more than a year after the entry of the judgement or order" challenged. Fed. R. Civ. P. 60(c)(1). Even accounting for the delay in Mr. Peterkin's receipt of the Court's December 29, 2023, Order, see ECF No. 245 (finding good cause to extend the deadline for defendant to file a notice of appeal), the instant Rule 60(b) motion was made well after a year had passed and, for that reason, is untimely.

But, in any event, Mr. Peterkin's Rule 60(b) motion fails for an additional reason, as well. Rule 60(b)(1) enables district courts to "correct legal errors," such as in instances when "the judge has made a substantive mistake of law or fact." Rai v. WB Imico, No. 09 Civ. 9586 (PGG), 2017 WL 4350567, at *2 (S.D.N.Y. June 28, 2017) (first quoting United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009); and then quoting Lugo v. Artus, No. 05 Civ. 1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan 31, 2008). It does not, however, "provide [the] movant an additional opportunity to make arguments" not previously raised. Id. (quoting Serrano v. Smith, No. 05 Civ. 1849 (KTD), 2009 WL 1390868, at *2 (S.D.N.Y. May 13, 2009)). But that is just what Mr. Peterkin attempts to do in the instant motion.

Mr. Peterkin's request for reconsideration rests primarily on the contention that the Court made a mistake of law in rejecting the underlying sentence reduction motion by concluding that Alleyne v. United States, 570 U.S. 99 (2013), did not support the requested reduction. Specifically, Mr. Peterkin contends that, under Alleyne, whether a murder was committed with premeditation and therefore constitutes first-degree murder is a fact that must be found by a

2

jury, but which, he asserts, was found by the Court in this case. Thus, he argues, the Supreme Court's decision in Alleyne is the very sort of intervening change in law that constitutes an "extraordinary and compelling reason" to reduce his sentence, and the Court erred in denying the underlying sentence reduction motion by not recognizing it as such. 18 U.S.C. § 3582(c)(1)(A).

Whatever the merits of this argument, Mr. Peterkin never raised it to the Court in connection with the underlying motion. To the contrary, Mr. Peterkin argued only that the drug amount involved in the charged conspiracy had not been found by a jury and that, for that reason, the change in law wrought by Alleyne could serve as a basis for his requested sentence reduction. See ECF No. 244 at 15-16. The Court based its denial of the motion on this argument, explaining that the legal principle adopted in Alleyne would not have changed anything for Mr. Peterkin because the jury had "made findings with respect to all essential elements of the crimes charged, including the quantities of marijuana that were the subject of the conspiracy." ECF No. 243 at 2. Mr. Peterkin does not point to any error of law in that determination.

Because a motion for reconsideration is not "an opportunity for making new arguments that could have been previously advanced," the Court denies Mr. Peterkin's motion for reconsideration under Rule 60(b). Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

SO ORDERED.

New York, NY
December 3ᴅ, 2025

JED S. RAKOFF, U.S.D.J.