UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>SHAWN PETERKIN,<br><br>Defendant. | 05-cr-538-02(JSR)<br><br>MEMORANUDM ORDER |

JED S. RAKOFF, U.S.D.J.:

The Court is in receipt of several post-conviction motions from defendant Shawn Peterkin. Peterkin seeks relief pursuant to 18 U.S.C. § 2255 and Federal Rule of Criminal Procedure 52(b) for several errors he alleges occurred at trial. See Mtn. to Vacate, Set Aside, or Correct Sentence ("Mtn. to Vacate"), ECF No. 260; Mtn. to Correct Plain Error, ECF No. 259. Peterkin also asks the Court to excuse the untimeliness of his § 2255 motion and to appoint counsel to assist with the motion. See Mtn. to Excuse Untimeliness of 225 Motion, ECF No. 261; Mtn. for Appointment of Counsel, ECF No. 262. For the reasons set forth below, the Court denies the motions.

## I. § 2255 Motion

In 2008, Peterkin was convicted at trial of various charges related to his role in a drug conspiracy and in a shooting that resulted in the death of a man named Keino Simpson. Among other things, Peterkin was convicted under 18 U.S.C. § 924(j) for committing a murder during and in relation to a drug trafficking

crime. See ECF No. 112. In his § 2255 motion, Peterkin argues that his § 924(j) conviction must be vacated because the Court erroneously instructed the jury that it need not find that the murder was "planned or premeditated," so long as an "intent to murder [was] present when the murder actually occur[red]." Mtn. to Vacate at 1. Peterkin argues that this instruction eliminated an essential element of the offense of murder under 18 U.S.C. § 1111(a) and that his conviction on the 924(j) count therefore cannot stand.

Peterkin's argument is without merit. Section 924(j) imposes punishment on any "person who, in the course of a violation of [§ 924(c)], causes the death of person through the use of a firearm." 18 U.S.C. § 924(j). Subsection (1), under which Peterkin was convicted, applies "if the killing is a murder (as defined in [18 U.S.C. §] 1111)." Id. § 924(j)(1). The definition of murder supplied in 18 U.S.C. § 1111 encompasses both first and second-degree murder. Only first-degree murder, however, requires proof of premeditation. United States v. Capers, 20 F.4th 105, 129 (2d Cir. 2021). A killing also qualifies as murder under § 1111 (and, by extension, § 924(j)(1)) even if it was not "premeditated," so long as it was committed with an "intent to kill." Id. At 130. The Court therefore appropriately charged the jury as to the mens rea requirement for a conviction under § 924(j).

In any event, even apart from the merits of Peterkin's § 2255 motion, Peterkin concedes that the motion is untimely. See ECF No. 261; 28 U.S.C. § 2255(f)(1) (A motion under Section 2255 must be filed within one year of "the date on which the judgment of conviction becomes final."). He asks the Court to excuse the motion's untimeliness, but his arguments are unpersuasive.

First, Peterkin argues that the statute of limitations does not bar review of his motion because he is "actually innocent" of the charged offense. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To meet the actual-innocence standard, Peterkin must demonstrate that, "in light of new evidence," no reasonable juror would "find him guilty beyond a reasonable doubt." Id. at 386-87 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see also House v. Bell, 547 U.S. 521, 538 (2006) (the Schlup standard is "demanding" and rarely met). Peterkin argues that he is actually innocent of the § 924(j) offense because, as a result of the Court's erroneous jury charge, the jury never found him guilty of murder as defined by 18 U.S.C. § 1111(a). See ECF No. 261 at 1-2. However, as the Court has just explained, there was no error in the jury charge. Peterkin therefore is not "actually innocent" of the § 924(j) offense.

Moreover, the actual innocence standard requires the petitioner to demonstrate actual innocence using "new evidence." See McQuiggin, 569 U.S. at 386. Peterkin's argument is not based

on "new evidence" and therefore does not entitle him to relief from the statute of limitations. See Schlup, 513 U.S. at 328-29 (to satisfy the actual innocence standard, petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence").

Second, Peterkin argues that he is entitled to equitable tolling of the statute of limitations. Although equitable tolling can excuse the late filing of a § 2255 motion, it "applies only in rare and exceptional circumstances." Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000). To show an entitlement to equitable tolling, a petitioner must demonstrate that "he has been pursuing his rights diligently" and that "some extraordinary circumstances stood in his way and prevented timely filing." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). Satisfying this standard requires demonstrating "a causal relationship between the extraordinary circumstances . . . and the lateness of [petitioner's] filing." Valverde, 224 F.3d at 133.

Peterkin argues that he is entitled to equitable tolling because the "constitutional defect" in his criminal case was "latent and legal in nature, [e]mbedded in jury instructions, and [n]ot reasonably discoverable by a pro se defendant without legal training." ECF No. 261 at 2. However, a defendant's lack of legal

training is not ordinarily an exceptional circumstance warranting equitable tolling. See Castro v. United Sec. Ins., No. 10 Civ. 6152 (LBS), 2011 WL 4916402, at *3 ("[C]ourts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling." (quoting Crespo v. Comm'r of Corr., No. 3:11-cv-52 (JCH), 2011 WL 4633542, at *4 (D. Conn. Oct. 4, 2011))); Martinez v. United States, No. 10 Civ. 1398 (NRB), 05 Cr. 773 (NRB), 2010 WL 4840085, at *2 ("Courts have repeatedly held that a petitioner's lack of education and ignorance of the law do not constitute 'extraordinary circumstances.'"); see also Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) (pro se status alone does not warrant equitable tolling). Nor does Peterkin explain how he exercised "diligence" notwithstanding this impediment. Rivas, 687 F.3d at 538. Peterkin therefore has not demonstrated an entitlement to equitable tolling.

## II. Rule 52(b) Motion

In a separate filing, which Peterkin styles as a "motion to correct plain error" pursuant to Federal Rule of Criminal Procedure 52(b), Peterkin argues that that, under the Supreme Court's recent decision in Barrett v. United States, 607 U.S. 128 (2026), he cannot lawfully have been convicted of both a § 924(j) violation

and a § 924(c) violation for the same conduct, and that one of his two convictions therefore cannot stand.[1]

Even construing Peterkin's so-called Rule 52(b) motion as part of his simultaneously filed § 2255 motion, Peterkin has not demonstrated an entitlement to relief. See United States v. Sanchez, 02-CR-074 (VM), 2025 WL 3560325, at *1 (S.D.N.Y. Dec. 12, 2025) ("As the motion was filed pro se, the Court will liberally construe it as an application for relief under Section 2255."); see also United States v. Holmes, 942 F. Supp. 2d 412, 415 (S.D.N.Y. 2013) ("Rule [52(b)] provides a standard of review," not "a procedural basis for vacating a conviction").

As noted above, and as Peterkin acknowledges, his § 2255 motion was filed well outside the statute of limitations. See 28 U.S.C. § 2255(f)(1) (imposing a one-year statute of limitations for motions under § 2255). For the reasons already identified, none of Peterkin's arguments for tolling or for otherwise restarting the statute of limitations have merit. His motion therefore must be denied.

[1] To the extent that Peterkin repeats his argument that the Court erroneously omitted the requirement of premeditation from its jury instructions on the § 924(j) charge, the Court has already explained why this argument is without merit. See Capers, 20 F.4th at 129-30.

**III. Conclusion**

For the foregoing reasons, Peterkin's § 2255 motion, Rule 52(b) motion, and motion to excuse untimely filing are denied. Moreover, because his motions are without merit, the Court also denies his request for appointment of counsel. See Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997). The Clerk of Court is respectfully directed to close the motions at ECF Nos. 259, 260, 261, and 262, and to mail a copy of this Order to the defendant.

SO ORDERED.

New York, NY
July 27, 2026

JED S. RAKOFF, U.S.D.J.