UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>SHAWN PETERKIN,<br><br>Defendant. | 05-cr-538-02(JSR)<br><br>MEMORANUDM ORDER |

JED S. RAKOFF, U.S.D.J.:

Defendant Shawn Peterkin seeks a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253(c). See Mtn. for COA, ECF No. 269. For the reasons explained below, the Court denies the motion.

## I. Background

Peterkin was convicted at trial of various charges related to his role in a drug conspiracy and in a shooting that resulted in the death of a man named Keino Simpson. As relevant, Peterkin was convicted under 18 U.S.C. § 924(j) for committing a murder during and in relation to a drug trafficking crime (Count Two) and under 18 U.S.C. § 924(c) for using a firearm during a drug trafficking offense (Count Three). See ECF No. 112. On February 10 and 11, 2026, Peterkin filed a motion to correct plain error under Federal Rule of Criminal Procedure 52(b), ECF No. 259; a motion to vacate under 28 U.S.C. § 2255, ECF No. 260; a motion to excuse the untimeliness of his § 2255 motion, ECF No. 261; and a motion for appointment of counsel to assist with the § 2255 motion, ECF No.

262. On July 28, 2026 this Court denied all motions, treating the Rule 52(b) motion as part of the § 2255 motion. See ECF No. 268.

## II. Legal Standard

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "COA inquiry . . . is not coextensive with a merits analysis." Buck v. Davis, 580 U.S. 100, 115 (2017). Thus, "obtaining a [COA] 'does not require a showing that the appeal will succeed.'" Welch v. United States, 578 U.S. 120, 127 (2016) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). Rather, the applicant must show "that 'jurists of reason could disagree with the district court's resolution of his constitutional claims,'" Buck, 580 U.S. at 115 (quoting Miller-El, 537 U.S. at 327), such that "the District Court's decision was debatable," id. at 116 (citation modified).

"When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## III. Analysis

### A. Claim 1: the § 924(j) jury instruction

Peterkin's first habeas claim is that instructing the jury that it need only find an "intent to murder," rather than premeditation, to convict Peterkin under § 924(j) was error and constructively amended the indicted offense.[1] Peterkin argues that premeditation is an essential element of § 924(j) because "murder (as defined in [18 U.S.C. § 1111(a)])" is an element of § 924(j), and § 1111(a) requires premeditation.

The Second Circuit has squarely rejected Peterkin's claim, holding that "there is no plausible argument that 'premeditation' is required for a killing to constitute murder as defined in §§ 924(j)(1) and 1111." United States v. Capers, 20 F.4th 105, 130 (2d Cir. 2021) (emphasis added). Section 1111(a) defines murder as "the unlawful killing of a human being with malice aforethought"; includes first and second degree murder; lists murder "perpetrated from a premeditated design" as one kind of "murder in the first degree"; and states that "[a]ny other murder is murder in the second degree." 18 U.S.C. § 1111(a). Thus, second degree murder under § 1111(a) requires only "malice aforethought," not

---

[1] See United States v. Bastian, 770 F.3d 212, 220 (2d Cir. 2014) ("[T]o establish a constructive amendment, a defendant must show that the trial evidence or jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." (citation modified)).

premeditation. Every circuit that has addressed the question agrees and Peterkin has identified no contrary authority. See United States v. Williams, 342 F.3d 350, 356 (4th Cir. 2003); United States v. Ricketts, 317 F.3d 540, 545 (6th Cir. 2003); United States v. Julian, 633 F.3d 1250, 1256 (11th Cir. 2011).

Therefore, no COA on this claim is warranted because it is undebatable that the § 924(j) jury instruction was correct and that there was no constructive amendment of the indicted offense.

**B. Peterkin's simultaneous convictions under § 924(j) and § 924(c)**

Peterkin also fails to establish that a COA is warranted as to his second habeas claim, that Barrett v. United States, 146 S. Ct. 482 (2026) requires vacating his conviction under § 924(j) or § 924(c). This Court did not review the merits of this claim because Peterkin's motion was untimely and neither equitable tolling nor the actual innocence exception apply. Therefore, Peterkin must demonstrate that the merits of the habeas claim *and* this Court's procedural ruling are debatable. See Slack, 529 U.S. at 484. This Court's procedural ruling is not debatable, so there is no need to address whether the merits are debatable.

First, it is undebatable that Peterkin's § 2255 motion was untimely because it was filed well after the 1-year limitations period. See 28 U.S.C. § 2255(f). Peterkin does not argue otherwise.

Second, it is undebatable that equitable tolling does not apply. Equitable tolling applies where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation modified). "Whether a circumstance is extraordinary depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the petitioner endeavoring to comply with AEDPA's limitations period.'" Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008)).

Peterkin argues that he could not timely filing his § 2255 motion because the constitutional defect was "[n]ot reasonably discoverable by a pro se defendant without legal training." Mtn. to Excuse Untimeliness at 2, ECF No. 261. But the Second Circuit has repeatedly held that a petitioner's "*pro se* status does not in itself constitute an extraordinary circumstance meriting tolling." Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004); see also Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) ("*pro se* status … does not merit equitable tolling" without more); United States v. Wright, 945 F.3d 677, 685 (2d Cir. 2019) (*Pro se* petitioners are expected "to know when the limitations period expires and to understand the need to file a [habeas] motion within that limitations period" (quoting Doe, 391 F.3d at 177)); Turner v.

Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."). This Court is unaware of any case suggesting that pro se status alone is an extraordinary circumstance and Peterkin identifies no reason why a reasonable jurist would agree.

Peterkin also argues that equitable tolling should apply due to the "evolving legal landscape." Mtn. for COA at 39. No reasonable jurist could agree that a basic feature of our common law system -- the continuing development of the law through judicial decisions -- is an extraordinary circumstance. No authority supports the proposition, and subsequent legal developments are unlike the practical obstacles preventing timely filing recognized as extraordinary circumstances by the Second Circuit. See Doe, 391 F.3d at 159 (stating that an extraordinary circumstance exists "where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary" and "where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers"). Indeed, equitable tolling "only [applies] in rare and exceptional circumstances," Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000), and subsequent legal developments are neither rare nor exceptional.

Third, it is undebatable that Peterkin is not actually innocent. Actual innocence is an "equitable exception" to AEDPA's

time limitations "grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citation modified). Peterkin argues that he is actually innocent of the § 924(j) offense because, due to the alleged jury instruction error, the jury never found him guilty under § 924(j). But as explained above, it is undebatable that the jury instruction was correct. It follows that it is undebatable that Peterkin is not actually innocent of the § 924(j) offense.

Therefore, this Court's procedural ruling is undebatable and no COA is warranted on Peterkin's second habeas claim.

## IV. Conclusion

For the foregoing reasons, Peterkin's Motion for a COA is denied. The Clerk of Court is respectfully directed to close the motion at ECF No. 269 and to mail a copy of this Order to the defendant.

SO ORDERED.

New York, NY
September 9, 2026

JED S. RAKOFF, U.S.D.J.